# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

AMANDA H. KERSH,

    Plaintiff,

vs.

ANDREW M. SAUL, Commissioner of Social Security,

    Defendant.

No. 18-CV-2067-CJW-MAR

**ORDER ON REPORT AND RECOMMENDATION**

## I.  INTRODUCTION

This matter is before the Court on a Report & Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 23). Judge Roberts recommends that the Court affirm the decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff Amanda H. Kersh's ("claimant") applications for Disability Insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. Sections 401–434 and Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. Sections 1381–1385. (*Id.*, at 1). On March 13, 2020, claimant filed her objections to the R&R. (Doc. 26).[1] The Commissioner has not yet filed a response. Although the deadline has not yet elapsed, the Court will rule without waiting for a response. *See* LR 7(e).

---

[1] The deadline to object to the R&R was March 10, 2020. (Doc. 23). Claimant attempted to file her objections on the night of the deadline but the filing system was down. (Doc. 24). On March 11, 2020, claimant filed an unresisted motion to extend the deadline due to the error and attached her objections. (*Id.*). On March 13, 2020, the Court granted the motion and directed the Clerk's Office to detach and file claimant's objections. (Doc. 25).

For the following reasons, the Court **adopts** Judge Robert's R&R without modification (Doc. 23) and claimant's objections are overruled (Doc. 26). The Commissioner's decision is therefore **affirmed**.

## II. PROCEDURAL HISTORY

On June 16, 2015, claimant applied for DIB. (AR 243).[2] On July 21, 2015, claimant applied for SSI. (AR 250). She alleged she was disabled due to near-sightedness past the point of legal blindness, post-traumatic stress disorder, adult attention deficit disorder, depression, bipolar disorder, carpal tunnel and limited ability in her left wrist and hand, weakness in her ankles due to bone damage, and nerve damage in her left hip and lower back. (AR 310); *see also* (Doc. 16, at 4). On November 19, 2015, the Commissioner denied claimant's application for DIB. (AR 84-85). On January 4, 2016, the Commissioner denied claimant's application for SSI. (AR 164-68). On March 17, 2016, the Commissioner denied claimant's request for reconsideration of both of her applications. (AR 122-23, 171-75). On November 9, 2017, Administrative Law Judge ("ALJ") Mikel Lupisella held a hearing on claimant's applications. (AR 45-83). On February 12, 2018, the ALJ found claimant was not disabled. (AR 15-35). On July 2, 2018, the Appeals Council denied claimant's appeal. (AR 1-5).

On September 4, 2018, claimant filed her complaint with this Court. (Doc. 4). By July 9, 2019, the parties had fully briefed the issues. (Docs. 16, 17, 20, 21). The Court deemed the case ready for decision and referred it to Judge Roberts for an R&R. (Doc. 22). On February 25, 2020, Judge Roberts issued an R&R recommending that the Court affirm the Commissioner's decision. (Doc. 23).

In her brief, claimant argued the ALJ erred in three ways. First, claimant argued the ALJ erred by failing to provide good reasons for discounting the weight afforded to

---

[2] "AR" refers to the administrative record. (Doc. 13).

claimant's treating neurologist. (Doc. 17, at 3-5). Second, claimant argued the ALJ erred by failing to fully and fairly develop the record as to claimant's subjective complaints of migraines and headaches. (*Id.*, at 6-7). Last, claimant challenged the validity of the ALJ's appointment under the Appointments Clause. (*Id.*, at 7-10); *see also* (Doc. 21) (containing plaintiff's reply brief with much of the same arguments).

### III. THE REPORT AND RECOMMENDATION

Judge Roberts addressed claimant's arguments in his R&R. First, Judge Roberts found the ALJ properly supported his decision to give claimant's treating neurologist's opinion little weight. (Doc. 23, at 14-22). Judge Roberts considered the (1) length, frequency, nature, and extent of the treatment relationship, (2) degree of support for the neurologist's opinions in the medical record, (3) consistency of the opinions with other evidence, and (4) the neurologist's specialization. (*Id.*). Second, Judge Roberts found the ALJ fully and fairly developed the record on claimant's migraines and headaches. (*Id.*, at 8-14). Last, Judge Roberts found claimant failed to timely raise her Appointments Clause argument challenging the ALJ's authority. (*Id.*, at 23-28).

### IV. CLAIMANT'S OBJECTIONS TO THE R&R

Claimant objects to Judge Roberts' conclusions and recommendations. (Doc. 26). As to the first two issues—the weight afforded to claimant's treating neurologist's opinion and the development of the record on claimant's subjective claims—claimant does not specifically object to any portion of the R&R. Claimant merely "objects to the R&Rs findings on this issue" and "continues to rely on her principal briefing on this issue." (*Id.*, at 2). Claimant briefly reiterates her prior arguments. (*Id.*, at 2-3). Claimant also

argues Judge Roberts erred as a matter of law in finding she was untimely in raising her Appointments Clause challenge. (*Id.*, at 3-8).[3]

## V. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the administrative law judge, but [it does] not re-weigh the evidence[.]" *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall

---

[3] In a footnote, claimant states she does not object to the R&R's findings as to the five-day rule and that the rule "is not directly implicated" here. (Doc. 26, at 2 n.1). Because this analysis has no effect on the outcome, the Court will not consider it further.

evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citation omitted), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently[.]" *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also

receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error."). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## VI. ANALYSIS

### A. *Weight Afforded to the Opinions of Claimant's Treating Neurologist & Development of the Record as to Claimant's Subjective Complaints*

Claimant's objections to Judge Roberts' R&R on the first and second issues simply state that she objects for the same reasons stated in her principal brief. (Doc. 26, at 2-3). These objections fail to comply with Local Rule 72A, which states that "[a] party who objects to . . . a magistrate judge's report and recommendation must file *specific*, written objections to the . . . report and recommendation[.]" LR 72A (emphasis added);

6

*accord* FED. R. CIV. P. 72(b)(2) (requiring that "a party may serve and file *specific* written objections to the proposed findings and recommendations" (emphasis added)). Claimant's objections to Judge Roberts' R&R here are, in short, that claimant does not like the rulings. She articulates no reasons other than those already argued to, and addressed by, Judge Roberts. Claimant's general, nonspecific, objections on the first and second issues would require the Court to duplicate the work Judge Roberts has already done, thus defeating the purpose of the R&R.

A court may exercise its discretion to treat such nonspecific objections as making no objection at all. *See, e.g.*, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (finding that a general objection to the entirety of a magistrate judge's R&R "has the same effects as would a failure to object."); *United States v. Scott*, No. CR07–2004–MWB, 2007 WL 1668058, at *4 (N.D. Iowa June 7, 2007) ("Therefore, the court denies defendant Scott's objection on the ground that defendant Scott has failed to state his objection with the requisite particularity."). The Eighth Circuit Court of Appeals has repeatedly noted that district courts need not conduct a de novo review of a magistrate judge's order when the objecting party makes only a general, conclusory objection. *See, e.g.*, *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994); *see also Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) ("We also remind parties that objections must be . . . specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation.").[4]

---

[4] The Eighth Circuit Court of Appeals has suggested, however, that in cases involving "strikingly brief" records, or those in which a pro se litigant objects, district courts should apply a de novo review standard more liberally, even in the face of general objections. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (holding a litigant's "pro se objections sufficiently directed the district court to the alleged errors"). Here, claimant is represented by an experienced attorney who has already been cautioned by this Court twice in the last five months against making general, non-specific objections. *See Smith v. Comm'r Soc. Sec.*, 1:18-cv-00078-CJW-MAR

Here, the Court exercises its discretion to review claimant's objections on the first and second issues for clear error. To do otherwise would defeat the purpose of the R&R. *See Whited v. Colvin*, No. C 13-4039-MWB, 2014 WL 1571321, at *3 (N.D. Iowa Apr. 18, 2014). Having found no clear error, the Court adopts Judge Roberts' R&R on these issues. (Doc. 23, at 8-22).

### B. *Appointments Clause Challenge*

Claimant argues that Judge Roberts should have found, in light of the United States Supreme Court's decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), that the ALJ was an inferior officer not appointed in a constitutional manner, and, accordingly, claimant alleges that she is entitled to a new hearing before a properly appointed ALJ. (Doc. 26, at 3-8). Claimant did not raise the Appointments Clause issue before the ALJ or during her request for review by the Appeals Council.

The Supreme Court in *Lucia* stated "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Lucia*, 138 S. Ct. at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 182-83, (1995)). In *Lucia*, the claimant "made just such a timely challenge: He contested the validity of [the presiding ALJ's] appointment before the Commission, and continued pressing that claim in the Court of Appeals and this Court." *Id*. Since *Lucia*, this Court has addressed whether a social security claimant waives an Appointments Clause challenge by failing to raise the challenge before the ALJ or the Appeals Council. In each case, the Court has found that the claimant waived the argument by not raising it during the administrative proceedings. *See, e.g.*, *Vallecillo v. Saul*, No. 18-CV-2034-CJW-MAR, 2019 WL 4215125, at *3-4 (N.D. Iowa Sept. 5, 2019); *Sexton v. Saul*, No.

---

(N.D. Iowa Jan. 9, 2020) (Doc. 19, at 12-13 n.3); *Hickman v. Comm'r Soc. Sec.*, 6:18-cv-02060-CJW-KEM (N.D. Iowa Nov. 20, 2019) (Doc. 19, at 9-10). Further, the record is relatively lengthy here. Thus, the Court will not apply de novo review more liberally.

C18-1024-LTS, 2019 WL 3845379, at *7-8 (N.D. Iowa Aug. 15, 2019); *Frazer v. Saul*, No. C18-2015-LTS, 2019 WL 3776996, at *4 (N.D. Iowa Aug. 12, 2019); *Dewbre v. Comm'r of Soc. Sec.*, No. 18-CV-4055-LRR-KEM, 2019 WL 3752970, at *5-6 (N.D. Iowa Aug. 8, 2019) (report & recommendation); *Murphy v. Saul*, No. 18-CV-2037-CJW-KEM, 2019 WL 3502912, at *7-8 (N.D. Iowa Aug. 1, 2019); *Murphy v. Comm'r of Soc. Sec.*, No. 18-CV-61-LRR, 2019 WL 2372896, at *6-7 (N.D. Iowa Apr. 10, 2019); *Anderson v. Comm'r of Soc. Sec.*, No. 18-CV-24-LRR, 2019 WL 1212127, at *5 (N.D. Iowa Feb. 19, 2019); *Iwan v. Comm'r of Soc. Sec.*, No. 17-CV-97-LRR, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018); *Thurman v. Comm'r of Soc. Sec.*, No. 17-CV-35-LRR, 2018 WL 4300504, at *9 (N.D. Iowa Sept. 10, 2018); *Davis v. Comm'r of Soc. Sec.*, No. 17-CV-80-LRR, 2018 WL 4300505, at *8-9 (N.D. Iowa Sept. 10, 2018).

Nearly every other district court in the Eighth Circuit to address this issue has also found a Social Security claimant's Appointments Clause challenge raised for the first time on judicial review to be forfeited. *See, e.g.*, *Hernandez v. Berryhill*, No. 8:18CV274, 2019 WL 1207012, at *6-7 (D. Neb. Mar. 14, 2019); *Kimberly B. v. Berryhill*, No. 17-CV-5211 (HB), 2019 WL 652418, at *14-15 (D. Minn. Feb. 15, 2019); *Audrey M.H. v. Berryhill*, No. 17-cv-4975 (ECW), 2019 WL 635584, at *12 (D. Minn. Feb. 14, 2019); *Catherine V. v. Berryhill*, No. 17-3257 (DWF/LIB), 2019 WL 568349, at *2 (D. Minn. Feb. 12, 2019); *Bowman v. Berryhill*, No. 4:18-CV-157 RP-HCA, 2018 WL 7568360, at *12 (S.D. Iowa Dec. 13, 2018). The Court has reviewed the additional Eighth Circuit authority cited by claimant finding in her favor or staying proceedings due to this issue. *Harwell v. Saul*, No. 4:18-cv-296-RGE-CFB (S.D. Iowa March 2, 2020); *Wang v. Saul*, 0:18-cv-03144-DTS (D. Minn. Feb. 28, 2020). The Court also recognizes that the consolidated cases of *Davis v. Saul*, No. 18-3422, *Thurman v. Saul*, No. 18-3451, and *Iwan v. Saul*, 18-3452, are pending before the Eighth Circuit Court of Appeals on this issue as well.

Nevertheless, this Court's decisions are consistent with the vast majority of other district courts' decisions holding that a claimant waives or forfeits an Appointments Clause challenge made under *Lucia* by not raising the issue during the administrative proceedings. *See, e.g.*, *Morrow v. Berryhill*, No. C 18-04641 WHA, 2019 WL 2009303, at *3-4 (N.D. Cal. May 7, 2019); *Kline v. Berryhill*, No. 3:18-CV-00180-FDW, 2019 WL 1782133, at *6 (W.D.N.C. Apr. 23, 2019); *Hutchins v. Berryhill*, 376 F. Supp. 3d 775, 779, 781 (E.D. Mich. 2019) (rejecting report and recommendation); *Diane S.P. v. Berryhill*, 379 F. Supp. 3d 498, 529 (E.D. Va. 2019) (adopting report and recommendation); *Velasquez ex rel. Velasquez v. Berryhill*, No. CV 17-17740, 2018 WL 6920457, at *2–3 (E.D. La. Dec. 17, 2018) (collecting cases), *report and recommendation adopted*, 2019 WL 77248 (E.D. La. Jan. 2, 2019); *Flack v. Comm'r of Soc. Sec.*, No. 2:18-cv-501, 2018 WL 6011147, at *4 (S.D. Ohio Nov. 16, 2018) (collecting cases), *report and recommendation adopted*, 2019 WL 1236097 (S.D. Ohio Mar. 18, 2019).

Moreover, the out of circuit and out of district cases upon which claimant relies are unpersuasive and not binding on this Court. *See* (Doc. 21, at 3) (citing cases from the Middle District of Pennsylvania, Eastern District of Pennsylvania, and the Eastern District of North Carolina). Indeed, the Court finds no error in Judge Roberts' analysis. Judge Roberts was also aware of and discussed such authority. (Doc. 23, at 24-25) (discussing *Cirko in re Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020)). The Court sees no reason to depart from its prior holdings on this issue and finds that claimant waived her Appointments Clause challenge by declining to raise the issue during the administrative proceedings. By declining to raise claimant's Appointments Clause challenge during the administrative proceedings, claimant did not make a "timely challenge" to the ALJ's appointment and, accordingly, waived the issue. Claimant's argument that it would have been futile to raise the issue below is unavailing to claimant's

as-applied challenge and the Court declines to exercise its discretion under *Freytag v. Commissioner*, 501 U.S. 868 (1991), to excuse claimant's waiver here. Thus, the Court finds claimant waived her Appointments Clause argument.

Further, the Court declines claimant's request to stay entry of this Order until the Eighth Circuit addresses this issue on appeal. Given the overwhelming support for this Court's ruling throughout the lower courts, such delay is not necessary.

### VII. CONCLUSION

For these reasons:

1. Claimant's objections (Doc. 26) to the Report & Recommendation (Doc. 23) are **overruled**.

2. The Court **adopts** the Report & Recommendation (Doc. 23) without modification. *See* 28 U.S.C. § 636(b)(1).

3. Pursuant to Judge Roberts' recommendation:

    a. The Commissioner's determination that claimant was not disabled is **affirmed**; and

    b. Judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 16th day of March, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa